## ALFRED HACKETT *vs.* ALONZO P. B. KING.

Though a person is arrested under a legal warrant and by a proper officer, yet if one of the objects of the arrest is thereby to extort money, or enforce the settlement of a civil claim, such arrest is a false imprisonment by all who have directly or indirectly procured the same or participated therein, for any such purpose; and a release or conveyance of property obtained by means of such arrest is void. And the discharge of the person arrested without being taken before a magistrate for examination and the failure to return the warrant are circumstances competent to be considered as bearing upon the question whether the release or conveyance was obtained by duress. And if the presiding judge, on the trial of a case where the validity of a release or conveyance of property, executed by a person under arrest, is in question, has stated the above principles of law to the jury, no exception lies to his refusal to instruct them that the discharge of the person arrested without examination and the failure to return the warrant of themselves rendered the arrest illegal and established the fact of duress.

Parol evidence to prove the issuing of a warrant and the arrest of a person thereon is incompetent, unless it is shown that neither the warrant nor a copy of it can be produced.

TORT for the conversion of a promissory note, horse and other property. The defendant claimed title to the property under a release or bill of sale from the plaintiff; to which the plaintiff replied that the release was obtained from him through duress and fraud.

At the trial in the superior court, before *Wilkinson*, J., the plaintiff testified that he had been in the employment of the defendant, and a constable arrested him upon a warrant for larceny of money from the defendant, and took him to the defendant's house and then to the marshal's office, where, after much talk, the plaintiff executed the release and was discharged,

without being taken before a magistrate for examination. The warrant was never returned. The defendant introduced evidence tending to contradict the plaintiff as to what was said and done at the time of the arrest and subsequently thereto, and to show that he had no further connection with the arrest than to make a verbal complaint to the city marshal. " The defendant then offered in evidence certain facts and circumstances, which were the basis of his complaint to the marshal, tending to show that the plaintiff had stolen money at various times from the money drawer of the defendant. To this evidence the plaintiff objected on the ground that, it appearing that he had been discharged from the said imprisonment without being taken before a magistrate, the defendant ought not to be allowed, without producing the warrant, to go into parol proof to show probable cause, or that the arrest was justifiable in its inception, the warrant not having been returned into court, and not being produced, although the plaintiff had notified the defendant to produce it. But the court overruled the plaintiff's objection, and the defendant introduced in evidence circumstances tending to show the taking of money as aforesaid," and other evidence tending to show that the plaintiff was spending more than his honest income.

The plaintiff requested the court to instruct the jury, amongst other things, as follows :

" That, if they find that the plaintiff was arrested by a legal warrant, yet if they find he was released therefrom for a pecuniary consideration without being brought before a magistrate in due form of law, such arrest and detention would be regarded in law as a false imprisonment; and if the defendant knowingly participated in such arrest and release, by instigating the prosecution and receiving the consideration, he would be regarded as a trespasser *ab initio ;* and that if the plaintiff executed the release while under such arrest and detention, through fear of being committed to jail or of exposure to a public trial, then in that case the jury may regard it as having been executed under duress and as being void, if they find that the plaintiff was released without being brought before the magistrate, the warrant not being properly returned.

" That if they find that the defendant complained against the plaintiff to the city marshal, and after the arrest knowingly consented to the plaintiff's discharge from imprisonment by accepting a pecuniary consideration therefor, it was on his part a tortious act, and that the release executed by the plaintiff while held under such arrest and detention may be regarded by them as void in law, if they find that the plaintiff signed it through fear of being sent to jail or exposure to a public accusation or trial."

The judge declined to give these instructions, and instead thereof instructed the jury that " if the plaintiff was arrested under a legal warrant and by a proper officer, yet if one of the objects of the arrest was thereby to extort money or property from him, or to enforce the settlement of a civil claim, such arrest would be a false imprisonment by all who directly or indirectly procured the same or participated therein for any such purpose ; and if said release was obtained by means of such arrest it would be void ; that the release of the plaintiff from the arrest without examination, and the want of return of the warrant and the participation of the defendant in this, if such were the facts, were circumstances to be considered by the jury as bearing upon the question of duress, and whether the release was thereby obtained."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*R. B. Caverly*, for the plaintiff.

*D. S. Richardson & G. F. Richardson*, for the defendant.

By the Court. The plaintiff has no legal ground of exception to the instructions that were given to the jury instead of those for which he asked. The instructions which the court gave stated the law correctly.

But the exception to the admission of parol evidence to prove the issuing of a warrant against the plaintiff, and his arrest thereon, must be sustained. The warrant could be legally proved only by producing it or a verified copy of it, unless upon the defendant's showing that neither it nor such copy of it could be produced                  *New trial granted.*