THOMAS L. FREEMAN vs. RICHARD S. TEELING.

Suffolk.    January 15, 1935. — March 2, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Duress.*

Duress consists of conduct of one toward another which actually over-
comes the will and mind of the other to the extent that he is impelled
thereby to do something which he would not have done in the exer-
cise of his free will.

Upon all the evidence, which was oral and conflicting, at the hearing of
a suit in equity for cancellation of a check, indorsed by the plaintiff
to the defendant, on the ground that the indorsement was procured by
duress exercised by the defendant upon the plaintiff, consisting of
threats of criminal prosecution, it could not be said that the trial
judge was plainly wrong in finding that although "the defendant
knew of the criminal possibilities of the situation . . . he made no
use of that knowledge which can reasonably be called duress" and
that nothing done by the defendant "overcame the will of the plain-
tiff with reference to" the transaction or compelled "an assent by
him . . . to an undertaking which he did not enter into voluntarily";
and a final decree dismissing the bill was proper.

At the hearing above described, the plaintiff testified that he had in-
tended at all times to pay the claim of the defendant against him for
which the check was indorsed to the defendant. *Held*, that there was
no inconsistency between the findings above stated and a further
finding that "No doubt fear of criminal prosecution and imprisonment
was a strong factor contributing to the plaintiff's doings with reference
to the check": the latter finding meant merely that the plaintiff's fear
lent strength to his previously formed determination to pay the de-
fendant's claim, not that it was a cause of the payment or that without
the fear the payment would not have been made.

BILL IN EQUITY, filed in the Superior Court on May 15,
1934.

The suit was heard by *Fosdick*, J.   Material findings by
him are stated in the opinion.   By order of *Whiting*, J.,
a final decree dismissing the bill was entered.   The plaintiff
appealed.   The evidence was reported.

F. P. *Garland*, (J. *DeCourcy* with him,) for the plaintiff.
R. J. *Walsh*, (R. J. *Cotter* with him,) for the defendant.

CROSBY, J.  This is a bill in equity by which the plaintiff seeks the cancellation of a check, payable to the plaintiff and indorsed by him to the defendant, on the ground that the indorsement and delivery of the check to the defendant were procured by duress exercised by the defendant. The duress alleged was threat of criminal prosecution. The bill also sought an injunction against negotiation of the check. The defendant under leave of court filed a demurrer to the bill with right reserved to answer. The demurrer was overruled and the defendant appealed. Thereafter the defendant filed an answer specifically denying the allegations of the bill upon which the plaintiff relied to establish duress. The case was heard on the merits by a judge of the Superior Court and the evidence was taken by a court stenographer. The judge made the following findings, and order for a decree: "The fundamental issue is simple. The evidence is conflicting to a degree. Considering it all I am unable to find that anything done in the premises by the defendant overcame the will of the plaintiff with reference to his procuring and indorsement of the check in question or compel [led] an assent by him with reference to such procuring and indorsement to an undertaking which he did not enter into voluntarily. No doubt fear of criminal prosecution and imprisonment was a strong factor contributing to the plaintiff's doings with reference to the check and I find that the defendant knew of the criminal possibilities of the situation but I also find that he made no use of that knowledge which can reasonably be called duress or which could reasonably be characterized as oppressive or as having overcome the plaintiff's will or having unduly imposed upon him the will of the defendant or of any other person with reference to the check in question." A final decree was entered dismissing the bill, from which the plaintiff appealed.

The issues before the judge were whether the defendant did any of the acts which were of a character to overcome the plaintiff's will and to compel assent to the doing of acts not voluntarily performed, but done under duress and fear of criminal prosecution; and also whether the acts done

actually did have that result. Both of these must be proved by the plaintiff to establish duress. *Morse* v. *Woodworth*, 155 Mass. 233, 250, 252. *Silsbee* v. *Webber*, 171 Mass. 378. *Rosenbloom* v. *Kaplan*, 273 Mass. 411, 416. The former rule that the conduct of the defendant must have been of such a nature as to overcome the mind and will of an ordinary person (see *Morse* v. *Woodworth*, 155 Mass. 233, 250) has not been followed in recent decisions of this court. It is now sufficient to entitle a plaintiff to recover if such conduct actually does overcome the mind and will of the person in question. *Anthony & Cowell Co.* v. *Brown*, 214 Mass. 439, 442, 443. *Silsbee* v. *Webber*, 171 Mass. 378. *Rosenbloom* v. *Kaplan*, 273 Mass. 411, 416. Threats of acts which if actually carried out would not be illegal or actionable may amount to duress. *Silsbee* v. *Webber*, 171 Mass. 378, 380. It is sufficient to constitute duress that the person threatened is in fact coerced and deprived of his freedom of will by a "wrongful influence." *Rosenbloom* v. *Kaplan*, 273 Mass. 411, 416. See also *Phillips* v. *Chase*, 203 Mass. 556, 561. In *Stevens* v. *Thissell*, 240 Mass. 541, 545, quoting *Phillips* v. *Chase*, it is said: "It 'is of no consequence how the domination over the mind was acquired; it is enough that it was acquired.'"

The judge in the present case found that the defendant knew of the criminal possibilities of the situation, but that the defendant made no use of that knowledge which could reasonably be called duress or oppressive or as overcoming the plaintiff's will. It is contended by the plaintiff that this latter finding is erroneous since the defendant did call a police officer to discuss the case with the plaintiff. He argues that calling the officer at all was a tacit threat of criminal prosecution. However, the judge could have found that the plaintiff had not been expressly threatened, or presented with the alternative of paying the defendant or facing prosecution. *Taylor* v. *Jaques*, 106 Mass. 291, 294. On the contrary the defendant's purpose in calling the officer was expressly stated to the plaintiff by the defendant at the time to be to get information as to the whereabouts of General Electric stock which had been delivered

by the defendant to the plaintiff. The judge did not find that the defendant had a different purpose in calling the officer. There was no threat to compel payment by criminal prosecution, nor were there any threats by the officer. If the plaintiff realized that he was liable to criminal prosecution he would naturally be apprehensive that such prosecution might be brought against him. If the officer stated in the presence of the plaintiff that "it looked like larceny," that remark arose out of the questioning in regard to the General Electric stock, and even then no threats were made expressly or indirectly which could be construed as an attempt to force the plaintiff to deliver the check in payment. All the facts as to the defendant's actions in connection with this evidence show that upon this question of fact it cannot be said that the finding of the judge was plainly wrong. The judge found that the defendant did nothing to oppress or intimidate the plaintiff, and he states: "I am unable to find that anything done . . . by the defendant overcame the will of the plaintiff . . . ." It is immaterial what threats are made if the plaintiff does not actually succumb to them but continues to act according to his own will and best judgment. Duress is entirely a question of fact. *Stevens* v. *Thissell*, 240 Mass. 541; 545. *Taylor* v. *Jaques*, 106 Mass. 291, 295. The testimony was oral and conflicting, and the judge who saw and heard the witnesses has an advantage in ascertaining the truth. *Dickinson* v. *Todd*, 172 Mass. 183, 184. In view of the many declarations of the plaintiff (as shown by the record) that at all times he recognized his obligations and intended to pay, it cannot be said that the finding of the trial judge was plainly wrong.

The only objection made by the plaintiff with reference to payment could be found to relate solely to the manner of obtaining a loan with which to make the payment. The plaintiff contends that error is shown by the alleged inconsistent finding that "No doubt fear of criminal prosecution and imprisonment was a strong factor contributing to the plaintiff's doings with reference to the check . . . ." This finding can reasonably be construed to mean that such

fear added strength to his already formed determination to pay the defendant's claim. In this sense it contributed to the act, but he testified that he had the intention at all times to pay. It cannot be said that fear of criminal prosecution was one of the causes, and that without it payment would not have been made. The fear merely added weight to the intention he had to pay the defendant an obligation he does not contend he did not owe. In *Rosenbloom* v. *Kaplan*, 273 Mass. 411, at page 416, it appears that the test is whether the "wrongful influence . . . impels him to enter into an agreement . . . which he would not have entered into or consented to in the exercise of his free will and deliberate, independent judgment." The rule is stated in Williston, Contracts, § 1604, as follows: " . . . it must appear that the consent of the party seeking to avoid the transaction was coerced. That is, that he was actually induced by the duress or undue influence to give his consent, and would not have done so otherwise." Although the question presented is not free from difficulty, we are of opinion that on the evidence the finding of the trial judge was not plainly wrong and that there was no error of law.

*Decree affirmed with costs.*