### COMMONWEALTH *vs.* JOSEPH MOTTA, JUNIOR.

Bristol.   October 26, 1937. — November 30, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Duress.*

In view of testimony by the complainant in bastardy proceedings that without use of physical force the defendant had "forced" her to sign statements exculpating him "because the defendant told her he wanted her to do so and made her do so," no error appeared in a portion of the charge to the jury instructing them in substance that they might find that force compelled the complainant to sign the statements if they found that she was "compelled" by "word or suggestion" to do so by a "person with a stronger mentality."

COMPLAINT, received and sworn to in the First District Court of Bristol on August 31, 1936.

On appeal to the Superior Court, the complaint was tried before *Hayes*, J., a district court judge sitting by statutory authority.   The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*V. J. Deponte & R. E. Knowles*, for the defendant.

*E. J. Harrington*, Assistant District Attorney, for the Commonwealth.

DONAHUE, J.   The defendant was charged in a complaint filed in a district court in August, 1936, under G. L. (Ter. Ed.) c. 273, § 11, with getting the complainant with child, the defendant not being the husband of the complainant. Upon appeal he was found guilty by a jury in the Superior Court in February, 1937.   The only exception here presented is to a single sentence in the judge's charge.   The rest of the charge does not appear in the bill of exceptions.

The testimony of the complainant given on direct examination warranted the finding that the defendant was guilty of the offence set forth in the complaint.   On cross-examina-

tion of the complainant the defendant introduced in evidence two statements written and signed by her. One, written in October, 1936, recited that the complainant did not send a letter to the defendant and did not have him arrested. The letter referred to apparently was one sent to the defendant by an attorney purporting to represent the complainant. The other statement, which was written in November, 1936, was to the effect that the complainant did not go to the attorney's office to have any letter signed by her sent to the defendant, or to the clerk of court to have the defendant arrested, and that the defendant was not to blame.

The complainant thereafter testified that the recitals in the written statements which she had made were not true; that they were made in the home of the defendant's mother, where his sister had the complainant come to live and where she remained from September, 1936, until shortly before the birth of her child in January, 1937; that she signed the first statement at the suggestion and request of the defendant; that prior to the signing of the second statement in November the defendant's sister, who was present at the mother's home, said she wanted the complainant to do something to help her brother; that the defendant told the complainant he wanted another statement written, what to put in it and how to spell some of the words; that she did not want to sign the statements; that "No physical force was used but she was forced by the defendant to write the statement because the defendant told her he wanted her to do so and made her do so." She also testified that there was nothing to prevent her leaving the house of the defendant's mother if she had refused to write and sign the statements.

The sentence in the charge to which the defendant excepted was: "You have seen the complainant and the defendant and have observed their mentality; now, force does not have to be physical force — if you find that some person with a stronger mentality directed . . . the complainant to make the written statements, or by word or suggestion compelled her to write these statements, against

her will, such acts could be considered by the jury as being force to compel the doing of the act."

The recitals in the written statements made by the complainant tended to contradict the testimony given by her on direct examination. She, however, testified that the recitals in the statements were not true. She gave an explanation of her writing and signing them. If this were believed the statements would play no part in the determination by the jury of the ultimate question for decision, that is, whether the allegations in the complaint were proved. Ordinarily, in such a situation it would be sufficient for a judge to instruct the jury that they should determine whether the explanation given was a true one.

Here, however, the complainant testified not only as to circumstances attendant on the making and signing of the written statements, but also in general terms as to the effect upon her of those circumstances. She testified that, while no physical force was exerted upon her, the defendant "forced" her to write the statements and "made her do so." No exception to this portion of her testimony was taken by the defendant. It became part of the evidence for the consideration of the jury on the question whether weight should be given to the written statements made by the complainant.

It was not improper for the judge in the situation presented to include in his charge the sentence to which exception was taken, the stated ground of the exception being that the sentence was "an erroneous statement of the law which defines acts constituting force." No suggestion of an amplification of the charge was made. The will of a person may of course be overcome by compulsion otherwise than through the employment of physical force. All the circumstances attendant upon the act of a person asserted to have been done under compulsion may be considered. Among these is the capacity of such a person. It is not necessary to show conduct "of such a nature as to overcome the mind and will of an ordinary person. . . . It is now sufficient . . . if such conduct actually does overcome the mind and will of the person in question." *Freeman*

v. *Teeling*, 290 Mass. 93, 95, and cases cited. See 5 Williston, Contracts (Rev. Ed.) § 1605. The suggestion in the charge of a comparison of the mentality of the defendant with that of the complainant was not improper.

*Exceptions overruled.*