MORRIS OMANSKY *vs.* MARK SHAIN.

Suffolk.    January 5, 1943. — January 27, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Duress. Evidence,* Relevancy, Of state of mind, Conversation between husband and wife, Entry in regular course of business. *Witness,* Credibility.

Evidence warranting a finding that a note was obtained by threats that were in fact sufficient to overcome the maker's will in the condition in which he then was would warrant a finding that it was procured by duress whether or not the threats would have been sufficient to overcome the will of a person of ordinary courage and firmness.

A finding that a promissory note was obtained by duress was warranted by evidence that it was given as a result of threats made by the payee to the maker at a time when the maker was confined in a house of correction and was ill, helpless, confused, and afraid of the payee.

On the issue whether a promissory note was procured by duress practised on the maker by the payee, evidence was admissible to show a reason for the payee's insistence upon the giving of the note, to show the real motives actuating the payee, and to show the state of mind of the maker and his susceptibility to duress, and the reasons therefor.

As affecting credibility, evidence was admissible to show the closeness of a friendship between the plaintiff, a witness for himself, and the defendant's wife, also a witness for the plaintiff; and to show that the husband of another witness for the plaintiff had quarrelled with the defendant.

No error was shown in the admission of a conversation between a husband and his wife in the absence of anything to show that they were alone at the time of the conversation.

At a time when no record of visits to a house of correction was required by law, a record of such a visit would be admissible only as an entry in the regular course of business under G. L. (Ter. Ed.) c. 233, § 78.

No error was shown by the exclusion of evidence of a purported entry in the regular course of business under G. L. (Ter. Ed.) c. 233, § 78, where the exclusion was made without any specific finding as to the circumstances of the entry.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated November 10, 1936.

Upon removal to the Superior Court, the action was tried before *Sheehan,* J.   There was a verdict for the defendant. The plaintiff alleged exceptions.

*Joseph P. Sullivan*, for the plaintiff, submitted a brief.

*F. W. Mansfield*, for the defendant.

LUMMUS, J. This is an action by the payee against the maker of a promissory note for $500, dated December 1, 1930, and payable in six months. The wives of the plaintiff and the defendant were sisters. At the time when the note was given the defendant was living apart from his wife, and was confined in the Norfolk County house of correction at Dedham under a sentence of six months, imposed on September 22, 1930.

There was evidence of the following facts. In October or November, 1930, the plaintiff talked with the defendant twice at the house of correction. The plaintiff wished the defendant to pay $500 for a fur coat that the defendant's wife had bought. The plaintiff told the defendant that if he did not pay the money he would be in jail for the rest of his life. The plaintiff shouted that the defendant must do what he was told to do, that "they" had power and influence, and that the defendant should ask no questions but should give "them" the money; that another brother-in-law was an editor of a magazine, and that one word from him would cause the newspapers to print anything he wished. The defendant pleaded with the plaintiff not to bother him any more, but the plaintiff said, "We will keep you here for life. . . . We can frame you again." At the time the defendant was mentally ill, helpless and confused, and vomiting frequently, and he was afraid that the plaintiff would make good his threats. Accordingly he gave the note to induce the plaintiff to pay for the fur coat.

In our opinion the evidence warranted a finding that the plaintiff obtained the note by threats that were in fact sufficient to overcome the will of the defendant, in the condition in which he was, whether or not they would have been sufficient to overcome the will of a person of ordinary courage and firmness. A verdict for the plaintiff could not properly be directed. *Silsbee* v. *Webber*, 171 Mass. 378. *Freeman* v. *Teeling*, 290 Mass. 93, 94, 95. The plaintiff's exception to the refusal to direct a verdict in his favor must be overruled.

The remaining exceptions relate to evidence. Several letters written by the plaintiff to the defendant's wife some years before the giving of the note were admitted over the plaintiff's exception. They were first seen by the defendant in 1928. They contained extravagant language of affection and indicated close friendship and devotion on the part of the plaintiff for the defendant's wife. They tended to show a reason for the plaintiff's insistence that the defendant pay for the fur coat, as well as a reason for the low mental state of the defendant. These letters were rightly admitted.

Subject to the plaintiff's exception, the defendant was permitted to show that he made large payments for his wife and children. This was admissible to show that the defendant's wife was not in need of further money for a fur coat, and that the plaintiff was actuated by motives other than kindness and justice in pressing the defendant to pay for one. There was evidence that the wife already had two coats, one of them a fur coat.

Subject to the plaintiff's exception, the defendant was permitted to testify that beginning early in 1928 he did not eat at home, because he feared being poisoned by his wife and the plaintiff. This was admissible to show his state of mind and his fear of the plaintiff, and thus to show his susceptibility to duress.

Subject to exception by the plaintiff, the defendant was permitted to testify to his state of mind when the note was given and the causes for it. This was admissible on the question of his susceptibility to duress.

Subject to exception by the plaintiff, the plaintiff was required to testify on cross-examination that he went to Florida with the defendant's wife, apparently in 1939, to contest the divorce action brought there by the defendant. This had some materiality on the closeness of friendship between the plaintiff and the defendant's wife, and the bias under which both testified. But even if this were not so, we think the evidence in question did not injuriously affect the substantial rights of the plaintiff. G. L. (Ter. Ed.) c. 231, § 132.

Subject to exception by the plaintiff, letters were excluded

which the defendant's brothers wrote to his wife. These letters too contained extravagant protestations of affection for her. We cannot see any ground upon which they were admissible. The brothers were neither parties nor witnesses.

No error is shown in permitting the defendant to testify to a talk with his wife at the jail. It does not appear that no one else was present.

The plaintiff was not harmed by the testimony of Lucy Weiss, wife of Myron Weiss, about an assault by her husband in 1939 upon the defendant in Florida, for the witness testified that she knew nothing about the matter. The defendant's testimony about the same occurrence was admissible. Lucy Weiss was a witness for the plaintiff. As affecting the credibility of her testimony it was competent to show that her husband had quarrelled with the defendant.

The defendant testified that the plaintiff visited him twice at the house of correction in October or November, 1930, and that the threats made by the plaintiff occurred at the second visit, in November. The plaintiff testified that he visited the defendant at the house of correction only once, on October 11, 1930, and that there was no talk about the note. The plaintiff offered a record of visits kept at the house of correction, which showed a visit from the plaintiff on October 11, 1930, and no other visit. The record was excluded, subject to exception by the plaintiff. At the time of the alleged visits, no record of visits to a house of correction, as distinguished from the State prison, was required by law. G. L. c. 127, § 37. The record could have been admissible only under G. L. (Ter. Ed.) c. 233, § 78. Before it could have been admitted under that section, a finding was required that it was made in good faith in the regular course of business. No such finding was expressly made. The exclusion of the record, without any express finding as to the circumstances, points to a contrary finding. We cannot say that the exclusion was wrong.

*Exceptions overruled.*