# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

Nicola Di Massa *vs.* Great American Novelty Company & others.

Worcester.   April 8, 1943. — May 24, 1943.

Present: Field, C.J., Donahue, Lummus, Qua, & Ronan, JJ.

*Equity Pleading and Practice,* Findings by judge, Requests and rulings.

Upon an appeal in a suit in equity with a report of the evidence, a finding that a transfer of corporate stock by the plaintiff to the defendant was not brought about by duress was not plainly wrong and must stand.

On an appeal with a report of the evidence heard by a judge in a suit in equity, requests for rulings and action thereon by the trial judge have no standing and are disregarded by this court.

BILL IN EQUITY, filed in the Superior Court on July 2, 1941.

The case was heard by *Dillon,* J.

*C. W. Proctor,* (*N. H. Proctor* with him,) for the plaintiff.

*Lee M. Friedman,* (*C. W. Spencer & R. Comerford* with him,) for the defendants.

RONAN, J.   The principal object of this bill in equity is to set aside a transfer by the plaintiff, Di Massa, of one hundred sixteen shares of the capital stock of the Great Ameri-

can Novelty Company to the defendant Mary Cohn on October 28, 1939, on the ground that he was induced by duress to enter into an agreement on that date which included the making of said transfer. The plaintiff appealed from a decree dismissing the bill.

Di Massa, in 1922, began to manufacture celluloid toys and novelties; he then formed a partnership with his cousin, the defendant Ciampa, and they conducted the business until 1930, when it was transferred to the Great American Novelty Company, hereinafter referred to as the company, which has since continued the business. From the time of the incorporation of the company until October 28, 1939, Di Massa was the treasurer and manager. He held one hundred sixteen shares of stock. Ciampa owned twenty-nine shares, and the defendants Cohn and the Irwin Corporation the remaining fifty-five shares. The defendants Irwin Cohn and Mary Cohn were husband and wife, residents of New Jersey. They owned and controlled the corporation, Irwin Corporation, which had a place of business in New York City and which was the selling agency of the company. Late in July, 1939, Irwin Cohn had the books of the company examined. This examination disclosed that the payrolls had been altered and increased; the accounts payable had been overstated in an amount exceeding $19,000; overpayments in some cases were made; two bank deposits, one in the name of the bookkeeper and another in the name of the company, were not mentioned in the books; and various other irregularities appeared. The judge found that these irregularities in bookkeeping, altering of payrolls and the secreting of the corporate funds, were intended to conceal from the individual defendants the actual condition of the company and, to a large extent, to enable the company to evade payment of taxes to the national and State governments, and to permit Di Massa and the bookkeeper to misappropriate for themselves the money belonging to the company.

The disclosures from the records and books of the company were followed by conferences between the plaintiff, his attorneys, and the Cohns and their attorneys, and finally

resulted in Di Massa transferring his shares to Mary Cohn in consideration of her note for $5,000, which was paid in February, 1940. The plaintiff gave releases to all the defendants and to the Irwin Corporation and received releases from them. He also received an assignment from the company of its claims against the bookkeeper. The judge found that the plaintiff, who was more than ordinarily mentally alert and who had had business experience not only in directing the business of the company but also in several other business enterprises, freely and voluntarily made the agreement of October 28, 1939, which he now seeks to set aside.

We have a transcript of the evidence and a report of the material facts. It would serve no useful purpose to set forth any detailed narrative of the testimony. In equity, findings of a judge made on oral testimony are not to be reversed unless they are plainly wrong. *Boston* v. *Santosuosso*, 307 Mass. 302, 332. *Blair's Foodland Inc.* v. *Shuman's Foodland, Inc.* 311 Mass. 172, 174.

The testimony upon the point whether the transfer of the plaintiff's stock was free and voluntary or resulted from overcoming his will and judgment by threats, fear or other wrongful influences was conflicting, and presented an issue of fact for the determination of the trial judge with the burden of proof resting on the plaintiff. The finding that the agreement in accordance with which the plaintiff's stock was transferred was not brought about by coercion or duress was not plainly wrong and cannot be disturbed. It was decisive of the case. The law applicable to duress has been so fully discussed in recent decisions that it is not necessary to restate it. It is sufficient to refer to some of these decisions. *Freeman* v. *Teeling*, 290 Mass. 93. *Fleming* v. *Dane*, 298 Mass. 216. *Carey* v. *Fitzpatrick*, 301 Mass. 525. *Omansky* v. *Shain*, 313 Mass. 129. *Cappy's, Inc.* v. *Dorgan*, 313 Mass. 170.

The plaintiff's requests for rulings have no standing on this appeal and we pay no attention to them for the reasons stated in *Graustein* v. *Dolan*, 282 Mass. 579, *Estey* v. *Gardner*, 291 Mass. 303, *Worcester Bank & Trust Co.* v. *Ellis*,

292 Mass. 88, *Boston* v. *Dolan*, 298 Mass. 346, *Kingsley* v. *Spofford*, 298 Mass. 469, *Restighini* v. *Hanagan*, 302 Mass. 151, and *Belezarian's Case*, 307 Mass. 557.

*Decree affirmed with costs.*