*Southern District*

## HART MOTORS, INC.

v.

## HAROLD BOOKER AND EVERETT BOOKER

*Present*: Nash, P. J., Callan & Kalus, JJ.

Case tried to *Horrocks, J. in the* Third District Court of Bristol. No. 1970.

*Callan, J.* Action of contract on a promissory note and account annexed to recover the amount claimed due plus interest. The defendants answered that the note was obtained under duress.

The defendant, Harold, had been committed to jail for obtaining money under false pretenses. At the trial of this action he said he signed the note sued on because the plaintiff through one Hart and the plaintiff's attorney, threatened "to see to it that he received an additional term of imprisonment for dishonored checks, now the subject of civil action". He said he signed the note at the jail believing that Hart and his attorney could present the checks to the District Attorney and thereby secure new indictments against him causing him to serve additional time.

The defendant, Everett, testified that some-one brought the note to him at his place of business and he signed the note for the reason that "if he did not do so, his brother would receive an additional term in jail". He said he did not realize he was signing a note or whether the person for whom he signed the note represented the plaintiff.

There was a special finding of facts by the judge who found that Harold owed money to the plaintiff on dishonored checks and signed the note in issue to avoid criminal prosecution, and that Everett signed as an accommodation maker to avoid criminal pros-ecution being brought against his brother. The judge further found that the plaintiff did not exercise duress; that Harold requested the plaintiff not to prosecute; that both de-fendants willingly signed the note giving Harold five years to pay what he owed the plaintiff; that he cannot now plead duress when the plaintiff is barred by the statute of limitations.

The only issue is whether the trial court was warranted in finding there was no duress exercised against the defendants. Duress at common law was of two kinds, duress by imprisonment and duress by threats of force or imprisonment. Threats of unlawful im-prisonment could be made the means of duress, as well as threats of grievous bodily harm. To be binding, a contract should rest on the free and voluntary action of the minds of the parties meeting in agreement and if

an influence is exerted over one that is of such nature as to overcome his will and compel him to do something he does not really agree to, imposed on him through fear which deprives him of self control, there is no contract. To avoid such a contract it had to be shown that the will of one of the parties was overcome and that the means used were of such nature as would overcome the mind and will of an ordinary person. *Morse v. Woodworth,* 155 Mass. 233. This view has been modified so that now it is sufficient if it is shown that the will of another party has in fact been overcome and that he was in fact coerced by a wrongful influence. *Silsbee v. Webber,* 171 Mass. 378; *Stevens v. Thissell,* 240 Mass. 541; *Rosenbloom v. Kaplan,* 273 Mass. 411. Threats of acts which if actually carried out would not be illegal or actionable may amount to duress. *Silsbee v. Webber,* supra. "It is of no consequence how the domination over the mind was acquired; it is enough that it was acquired". *Philips v. Chase,* 203 Mass. 556, 561.

A threat of criminal prosecution is not in terms a threat of imprisonment. However, threats of this sort may be of such compelling force that acts done under their influence are coerced and any transaction entered into is not binding. *Restatement of Law-Contracts* §§493 *and* 494. Duress by threats of imprisonment for a crime stands on a different footing from threats of imprisonment on civil process. To overcome the will of another for

the prosecutor's advantage is an abuse of the criminal law. Acts or threats cannot constitute duress unless they are wrongful. *Porter v. N.Y. N.H. & H. R.R. Co.,* 205 Mass. 590; *Lajoie v. Milliken,* 242 Mass. 508. Duress may be exercised by the threat of wrongful imprisonment or prosecution of a near relative. *Harris v. Carmody,* 131 Mass. 51; *Stevens v. Thissell,* 240 Mass. 541. If one subjected to duress is compelled to perform no more than his legal duty, our law allows avoidance if the duress employed involves a misuse of legal process. *Taylor v. Jacques,* 106 Mass. 292. The test of what act or threat produces the required degree of fear is not objective, but rather did it put one entering into the transaction in such fear as to preclude the exercise by him of free will and judgment. *Restatement of Contracts,* §492.

The rule is stated in *Williston, Contracts,* ¶1604 as follows:

"It must appear that the consent of the party seeking to avoid the transaction was coerced. That is, that he was actually induced by the duress or undue influence to give his consent, that would not have done so otherwise." *Freeman v. Teeling,* 290 Mass. 93; *Cappy's, Inc. v. Dorgan,* 313 Mass. 170; *Allen v. Plymouth,* 313 Mass. 356.

We cannot say the judge was wrong in his finding that the acts complained of did not constitute duress. If Harold realized he might be liable to criminal prosecution he would naturally be apprehensive that such prosecution might be brought against him.

It is immaterial what threats are made if a person does not actually succumb to them but continues to act according to his own will and best judgment. Duress is entirely a question of fact. *Taylor v. Jacques,* 106 Mass. 291; *Stevens v. Thissell,* 240 Mass. 541, 545. The defendant, Harold, knew, as the judge found, that he owed the money and might be criminally prosecuted for the same and that he wrote to the plaintiff himself to ask that the plaintiff not prosecute, and that the note was signed willingly by both defendants realizing the legal implications of the same. The defendants requests become immaterial on the facts found. Based on the law and facts found there is no error in the judge's action on the plaintiff's requests. No necessity lies for restating any requests.

The report is ordered dismissed.