Fecteau, J.
The plaintiffs, Jeffrey J. Langdale (“Langdale”) and Stanley Schlackman (“Schlackman”), brought this action against the defendants, Shirley A. Menendez (“Menendez”), Kevin Dagle (“Dagle”) and the Town of Shrewsbury (“Shrewsbuiy”), seeking damages for injuries suffered when they were arrested and detained pursuant to warrants issued by the Westborough District Court on criminal complaints filed against them by Menendez. In addition, plaintiffs allege that Shrews-bury failed to properly train and supervise its police officers and violated their civil rights pursuant to 42 U.S.C. §1983 and G.L.c. 12, §11H and I. Menendez now moves, pursuant to Mass.R.Civ.P. 56, for summary judgment on the ground that the plaintiffs executed written releases in connection with the underlying dispute between the parties. The plaintiffs oppose Menendez’s motion for summary judgment. After hearing and the Court’s consideration of the written submissions of the parties, Menendez’s motion for summary judgment is DENIED.
BACKGROUND
At all times relevant to this action, Langdale and Schlackman were employees and stockholders of Demers Window Factory, Inc. (“Demers”). Menendez is an Animal Control Officer and Special Police Officer *557 for the Town of Shrewsbury. It is undisputed that, in May 1991, Menendez entered into a contract with Langdale and Schlackman for the installation of certain windows in the Menendez home. When the parties entered into the contract, Menendez paid a deposit of $3,109.00 towards the price of the window installation. As of June 28, 1991, despite repeated calls from Menendez inquiring about the status of the installation, plaintiffs had yet to install the windows in her home. That same day, Menendez filed criminal complaints against Langdale and Schlackman in Westborough District Court alleging larceny of property over $250.00 in violation of G.L.c. 266, §30. Following the issuance of the criminal complaints, arrest warrants were issued by the Westborough District Court,[1] plaintiffs were arrested by the Grafton police, and were transported to the Shrewsbury police station where they were held until being released on bail later that day. On July 12,1991, pursuant to G.L.c. 93A, Menendez’s attorney sent a demand letter to Demers, seeking return of the deposit she paid to Demers for a window installation which never took place. Trial was scheduled for October 2, 1991 in Westborough District Court.
On October 2, 1991, immediately prior to trial, the parties reached an agreement pursuant to which: (1) criminal charges against Langdale and Schlackman were dropped; and (2) Langdale and Schlackman, in the presence of their attorney, executed a release of Menendez. Subsequently, Langdale and Schlackman filed suit against Menendez, contending that the release they executed was invalid as it was procured under duress. Menendez maintains, on the other hand, that Langdale and Schlackman knew and understood the consequences of signing the release and argues that their action against her is barred by the October 2, 1991 release.
DISCUSSION
This Court should grant summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56. The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its “pleadings and mere assertions of disputed facts ...” LaLonde v. Eissner, 405 Mass. 207, 209 (1989) (citing Community Nat’l Bank v. Dawes, 369 Mass. at 554). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Vague and general allegations of expected proof are not enough to defeat a motion for summary judgment. Cherella v. Phoenix Technologies, Ltd., 32 Mass.App.Ct. 919, 920 (1992).
Menendez first asserts that where the plaintiffs executed a valid release, they are estopped from bringing suit against her. The plaintiffs maintain, however, that where: (1) the initial arrest was invalid as it was not made pursuant to a valid warrant; and (2) they feared potential criminal prosecution, they signed the release under duress.
It is well settled in Massachusetts that “[a] release signed under duress is not binding.” International Underwater Contractors, Inc. v. New England Tel. & Tel. Co., 8 Mass.App.Ct. 340, 342 (1979). "To avoid a contract on the basis of duress, a parly must show that conduct by the other party caused him to enter the contract ‘under the influence of such fear as precludes him from exercising free will and judgment.’ ” Coveney v. President and Trustees of the College of the Holy Cross, 388 Mass. 16, 22 (1983) (quoting Avallone v. Elizabeth Arden Sales Corp., 344 Mass. 556, 561 (1962)); Delaney v. Chief of Police of Wareham, 27 Mass.App.Ct. 398, 406 (1989). “[D]uress constitutes a ‘wrongful or unlawful act or threat . . . which deprives the victim of his unfettered will,’ resulting in the threatened parly being ‘compelled to make a disproportionate exchange of values.’ ” Delaney, supra at 406 (citing International Underwater Contractors, Inc. v. New England Tel. & Tel. Co., 8 Mass.App.Ct. 340, 342 (1979)). “Under Massachusetts law, a party claiming duress can prevail if he shows that (1) ‘he has been the victim of a wrongful or unlawful act or threat’ of a kind that (2) ‘deprives the victim of his unfettered will’ with the result that (3) he was ‘compelled to make a disproportionate exchange of values.’ ” Vasapolli v. Rostoff, 39 F.3d 27, 34 (1994). However, “absent compelling circumstances, the availability of a reasonable alternative, such as a legal or administrative remedy, will defeat a claim of duress.” Delaney, supra at 407 (citing Restatement (Second) of Contracts §175).
Citing Delaney v. Chief of Police of Wareham, 27 Mass.App.Ct. 398 (1989), Menendez further asserts that where the plaintiffs: (1) were represented by counsel during the negotiations leading up to the release; and (2) admitted in their depositions that their attorney informed them of their options concerning whether to sign the release, the plaintiffs cannot now assert that they signed the release under duress. “An indication that a party intends to pursue lawful legal *558 proceedings if the other party fails to accept a pending settlement offer will not, normally, constitute duress.” Id. at 407. The Supreme Judicial Court has held, however, that “if the plaintiff was arrested under a legal warrant and by a proper officer, yet if one of the objects of the arrest was thereby to extort money or property from him, or to enforce settlement of a civil claim, such arrest would be false imprisonment by all who directly or indirectly procured the same or participated therein for any such purpose; and if said release was obtained by means of such arrest it would be void . . .” Hackett v. King, 88 Mass. (6 Allen) 58, 60 (1863). Moreover, “[a]n arrest, even upon a legal warrant and upon criminal charges to compel the payment of a mere debt, would be a misuse of legal process, and the threat of such an arrest may constitute unlawful duress.” Taylor v. Jacques, 106 Mass. 291, 295 (1871) (citing Hackett v. King, 88 Mass. (6 Allen) 58 (1863)).
Here, where there is at least some question surrounding both the issuance and propriety of the arrest warrant in Menendez’s action against the plaintiffs, which this Court finds would properly have been brought as a civil contract action, the Court DENIES Menendez’s motion for summary judgment.
ORDER
For the foregoing reasons, Menendez’s motion for summary judgment is DENIED.

 Langdale and Schlackman dispute many of the facts leading up to their arrest. Langdale and Schlackman maintain that, despite repeated trips to Westborough District Court to get a copy of the arrest warrant, no such warrant was made available to them. Langdale and Schlackman further assert that the arrest warrant became available only recently.