McCann, J.
This matter comes before the Court on the defendant’s Motion for an Order to Enforce a Settlement Agreement reached after a mediation between the parties on May 18, 2001.
Bernard J. Patsky (“Patsky”) filed this Superior Court Complaint on November 26, 1997. The complaint is an employment discrimination action brought under G.L. Chapter 15IB. Patsky claims he was unlawfully included in a reduction in for ce in 19 95 because of his age and due to his previous filing-of a discrimination complaint against the company four years prior to his 1995 layoff.
Prior to the filing of the complaint, Patsky filed a discrimination complaint with the Massachusetts Commission Against Discrimination (MCAD). On November 7, 1996 MCAD dismissed Patsky’s complaint for “Lack of Probable Cause.” He also filed a complaint with the Equal Employment Opportunity Commission (EEOC). That complaint is still pending.
Discovery was completed in this action and a trial date was set for June 11, 2001.
At all times and throughout all of the proceedings before this Court, Patsky was represented by Counsel John V. Woodard, Dane & Howe, LLP, 45 School Street, Boston, Massachusetts 02108. The defendant Suprenant Cable Corp. (Suprenant) was represented by Peter J. Moser, Robinson & Cole, LLP, 1 Boston Place, Boston, MA 02108. On May 11,2001 the parties entered into an “Agreement to Participate and Mediation” through the Massachusetts Office of Dispute Resolution (MODR). Pursuant to that agreement all of the parties and their attorneys participated in an all-day mediation session on May 18, 2001. The mediator was Sarah Kerr-Garrafy, Esq. Patsky was present as was his wife and his attorney John V. Woodard. A representative of IGA Leasing, Todd Atkinson, which was the company formerly known as Suprenant Cable Corp., was present together with its lawyer Peter J. Moser.
As a result of a full-day mediation session on May 18,2001, the parties entered into an agreement which was memorialized by a handwritten document at the end of the mediation session. The agreement provided that the parties agreed to settle the matter on the following terms: (1) the company will pay Patsky $100,000; (2) the company will allow judgment to enter against it; (3) the company will arrange a meeting between Patsky and a former official of Suprenant Cable Corp. in order to provide Patsky a “dignified departure from the company.” The handwritten agreement further provided that the parties will enter into a formal settlement agreement setting forth these basic terms in more detail. The agreement was signed by both parties and by counsel for both parties.
Pursuant to the handwritten agreement, a four-page settlement agreement was drafted by both counsel. Counsel for each party reviewed the finalized settlement agreement with their respective clients. The agreement was signed by Patsky on June 6, 2001 and *412 by IGA Leasing Co. f/k/a Suprenant Cable Corp. on June 11, 2001.
The agreement incorporated the provisions of the handwritten agreement and other provisions relating to releases.
On June 6, 2001, Patsky’s attorney reported the case settled to the Worcester Superior Court and requested a 30-Day Nisi Order of Dismissal. The Court issued a 30-Day Nisi Order of Dismissal on June 6, 2001.
On June 12,2001 Patsky notified both his attorney and counsel for the defendant that he recanted, nullified and voided his signed releases and gave notice that he would seek a trial.
On June 29, 2001, the defendant Suprenant appeared in the Worcester Superior Court on an Emergency Motion to Confirm and Enforce the Settlement Agreement. Notice was given to John V. Woodard, Esq. Both counsel appeared for hearing on the motion. Patsky was present for the hearing and he was allowed to address the Court, which he did.

DISCUSSION

Patsky, along with his wife and lawyer, participated in a full day of mediation on May 18, 2001. That mediation process resulted in an agreement being reached between the plaintiff and the defendant. That agreement was memorialized by a handwritten agreement. Patsky does not suggest that the agreement does not contain all of the terms of the settlement.
That initial handwritten agreement, by its terms, was followed by an extensive four-page agreement which incorporated all of the principal terms of the handwritten agreement. Again, Patsky does not suggest that this second agreement did not contain all of the terms of the settlement between the parties.
The only grounds for Patsky recanting the agreement is that, in his words, “I was pressured and compelled to sign the May and June releases for the following reasons . . (1) Delta is eliminating their holdings in the USA; (2) if Patsky does not settle he may get nothing; (3) Patsky’s mediator and his lawyer was told by Patsky that this was a threat and he felt threatened; and (4) the mediator said she had another commitment at 5 p.m. and insisted on the settlement decision.
This Court rules that where parties to a litigation matter have agreed upon all of the essential elements of settlement and a settlement agreement is reached the agreement will be an enforceable contract notwithstanding one of the parties subsequent attempts to set aside the agreement. Thomas v. MBTA, 39 Mass.App.Ct. 537 (1995); Correia v. Disimone, 34 Mass.App.Ct. 601 (1993); Hubbard v. Peairs, 24 Mass.App.Ct. 372 (1987). Patsky’s reasons suggest only duress and not failure to incorporate terms which had been agreed upon.
In order for Patsky to prevail on the issue of duress he must demonstrate wrongful or coercive conduct on the part of the defendant which served to overcome his mind and will and which resulted in his executing a contract that he would not otherwise have signed in the exercise of free will and independent judgment. Vasapolli v. Rostoff, 39 F.3d 27 (1st Cir. 1994); Freeman v. Teeling, 290 Mass. 93 (1935). Patsky signed the first agreement on May 18, 2001. Almost three weeks later, outside of a mediation session, and after review with his lawyer, he signed a more formal and extensive agreement on June 6, 2001. This Court rejects the argument that Patsky signed the agreement under duress.
Accordingly, the Court will enforce the settlement agreement reached between the parties on May 18, 2001 and ratified by the more extensive agreement dated June 6, 2001.

ORDER

It is therefore ORDERED that the defendant’s Motion to Confirm and Enforce the Settlement Agreement is ALLOWED upon certification to the Court that payment of $100,000, as set forth in the agreements, has been made by the defendant to the plaintiff on or before August 30, 2001 Judgment shall enter dismissing this case.