COMMONWEALTH *vs.* TYRONE LAYTON.

Suffolk.    April 13, 1978. — May 18, 1978.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Evidence,* Business records, Prior conviction. *Practice, Criminal,* Argument by prosecutor, Lesser included crimes.

At a criminal trial no error appeared in the exclusion from evidence of an attendance record kept at a group home for young adult males, in the absence of any showing that would have enabled the judge to make the preliminary findings required before admitting the record under the business records exception to the hearsay rule. [361–362]

At the trial of an indictment for armed robbery, the prosecutor's remark that "[t]he streets . . . are becoming a jungle," while irrelevant, was adequately dealt with in a charge directing the jury's attention solely to the evidence presented at trial. [362–363]

At the trial of an indictment for armed robbery the judge properly refused to instruct the jury on lesser included offenses of unarmed robbery and simple assault, where the defendant's attorney in his closing argument and in his thorough cross-examination of the victim conceded the fact of the robbery and did not dispute the presence of a gun. [363–364]

The judge at a criminal trial did not err by twice referring to the defendant as an "inmate" of a group home for young adult males. [364]

INDICTMENT found and returned in the Superior Court on October 27, 1975.

The case was tried before *Roy,* J.

*Richard K. Latimer* for the defendant.

*Sandra L. Hamlin,* Assistant District Attorney, for the Commonwealth.

HALE, C.J. The defendant was found guilty after a jury trial held pursuant to G. L. c. 278, §§ 33A–33G, on an indictment charging him with armed robbery and has appealed. He claims to have been prejudiced by the judge's rulings on the admission and exclusion of evidence, by certain statements made in the jury's presence by both the judge and the prosecutor, and by the judge's refusal to instruct the jury on lesser included offenses of armed robbery. We summarize the facts which could have been found by the jury.

The victim, Thomas Enman, testified against the defendant at trial. Enman was a college student employed as a taxi driver. At about 11:00 P.M. on August 21, 1975, three young black men entered his taxicab in the Coolidge Corner section of Brookline. The men asked to be driven to Elm Hill Avenue in Boston. The route between Collidge Corner and Elm Hill Avenue is well lighted. Enman looked in his rearview mirror several times during the ride and observed the three men. When the cab arrived at Elm Hill Avenue, the men directed Enman to pull up in a side street. Before Enman was able to park the cab the man sitting directly behind him took hold of a bandana which Enman wore around his neck and began to choke him. All three beat Enman. One of the men brought out a handgun. He struck Enman on the head with the gun. The man held the gun under Enman's nose and demanded all his money. They took Enman's wallet and his evening's fares and ran off down a nearby alley.

Enman immediately caused the robbery to be reported to the police. That night he described the robbers to the officers. His description of the robber who had been sitting directly behind him fit the defendant.

Enman went to the police station on the following morning and was shown several books containing photographs of black males. He selected the defendant's photo-

graph out of one of the books, positively identifying it as that of one of the robbers. Enman was unable to discover in the books photographs of the other two robbers. At trial he identified the defendant as one of the robbers.

1. The defendant attempted to introduce in evidence a copy of an attendance record kept by an organization named Hillside House, a group home for young adult males who "get involved with the law." The defendant claimed that an entry in that record indicated that he had been present at Hillside House by midnight on August 21, 1975, and the defendant sought to introduce that evidence to support his alibi. The judge excluded the evidence. The defendant contends that the writing was admissible under the business records exception to the hearsay rule.

At a voir dire held to determine whether the record should be admitted one James Leak, an employee of Hillside House, testified that the defendant had resided there during August, 1975, and that the record had been kept in a locked office there. The record consisted of a calendar blank upon which were written the defendant's name and certain entries such as "wake up," "dinner & chore" and "curfew." Leak testified that the inscription of an "O" in the "curfew" column for the date August 21, 1975, indicated that the defendant had returned to Hillside House on that date in time for the organization's midnight curfew. Leak also testified that he had not personally observed the defendant at Hillside House on the night of August 21, 1975.

The calendar form proffered by the defendant was an out-of-court statement which was offered for its truth. Prior to admitting the writing in evidence under the business records exception to the hearsay rule, the judge was required to make preliminary findings that the writing had been made in good faith, in the regular course of business, prior to the institution of the present proceeding, and that it was the regular course of such business to make such writings at the time of the occurrences

recorded or within a reasonable time thereafter. G. L. c. 233, § 78. *Commonwealth* v. *Greenberg*, 339 Mass. 557, 578–579 (1959). At the time of the judge's ruling, no evidence had been presented as to the routine followed, e.g., as to which persons usually made entries on the form, as to how frequently entries were made, or as to the basis or information on which entries were founded. Thus, the judge's refusal "on that showing" to make the preliminary findings necessary for the admission of the record as a business record was proper. See *Omansky* v. *Shain*, 313 Mass. 129, 132 (1943).

2. The defendant testified in support of his alibi. During cross-examination the prosecutor asked the defendant whether he was the same person who on April 26, 1977, while represented by counsel, had been convicted of contempt and ordered confined in jail for five months. The defendant responded affirmatively. He now argues that the prosecutor's reference to his contempt conviction was improper because (1) the prosecutor failed to introduce the record of the conviction in evidence and (2) at the time of trial the defendant was contesting the validity of that conviction by a writ of error before the Supreme Judicial Court.[1] Neither of these arguments was made to the trial judge. The objection made at trial was that the prejudicial effect of the record would outweigh its probative effect on the issue of the defendant's credibility. The present contentions, which we would find baseless in any event, cannot be raised for the first time on appeal. *Commonwealth* v. *Burkett*, 5 Mass. App. Ct. 901 (1977).

3. In her final argument the prosecutor stated, "This Mr. Enman is out there working to earn money, a hardworking man, and he's set upon, as he told you, by this defendant and robbed of the forty dollars that he earned in that particular period of time. The streets of this Commonwealth are becoming a jungle —." The defendant's

---

[1] The petition for a writ of error was dismissed pursuant to an agreement for voluntary dismissal subsequent to the trial in this case.

counsel immediately objected to the last statement by the prosecutor. The defendant now claims that the statement was improper and that the judge's failure to admonish the prosecutor or provide immediate curative instructions compounded the effect of the comment so that reversal of the present conviction is required.

The prosecutor's remark was irrelevant and would have been better left unsaid. However, it could hardly have been considered by the jury in assessing the defendant's guilt. See *Commonwealth* v. *Smith*, 342 Mass. 180, 187–188 (1961); *Commonwealth* v. *Bottiglio*, 357 Mass. 593, 598 (1970). Moreover, the judge stated in his instructions to the jury, "You are to go about your job without any sympathy for this defendant or sympathy for the victim or any bias or any prejudice . . . ." That charge properly directed the jury's consideration solely to the evidence presented at trial. Compare *Commonwealth* v. *MacDonald* (*No. 1*), 368 Mass. 395, 402 (1975). The defendant's contention that the prosecutor's use of the word "jungle" was racially motivated is far fetched and merits no further comment.

4. In his charge the judge instructed the jury on the elements of the offense of armed robbery. The defendant subsequently requested and was denied instructions on the offenses of unarmed robbery and simple assault. The judge stated that, although he normally instructed the jury on such lesser included offenses, he would not do so in this case in view of the defendant's closing argument. In his closing argument the defendant's attorney had stated, "I don't think there's doubt in anyone's mind that at some time on the evening of August 21, 1975, that Mr. Enman was robbed." He later stated, "[I]f you reject or if you have doubts in your mind that the victim has in fact identified the wrong person, then that doubt's got to be resolved in favor of Mr. Layton, and you'd be warranted in finding him not guilty, because that is what this case is all about in a nutshell, whether or not the person in back of that cab was in fact Tyrone Layton."

The victim had testified that one of the robbers had struck him with a gun and "it was shoved under my face." The defendant's attorney conducted a thorough and searching cross-examination of the victim without touching on the question of a gun. Moreover, in his argument the defendant's attorney conceded the fact of the robbery and chose not to challenge the credibility or accuracy of the victim's testimony concerning the event. He focused instead, as he had in his cross-examination of the victim, on the question whether the defendant was in fact the person who had committed the offense. The presence of a gun was not a "disputed factual element." See *Driscoll* v. *United States*, 356 F.2d 324, 327–328 (1st Cir. 1966), vacated on other grounds sub nom. *Piccioli* v. *United States*, 390 U.S. 202 (1968). Compare *Commonwealth* v. *Hogg*, 365 Mass. 290, 295 (1974). We cannot say under the circumstances that the judge erred in refusing to instruct the jury on lesser included offenses.

5. There is no merit to the defendant's claim that the judge erred in referring to him upon two occasions as an "inmate" of Hillside House.

*Judgment affirmed.*