COMMONWEALTH vs. MICHAEL THOMAS.

Essex.   October 17, 1985. — December 4, 1985.

Present: DREBEN, CUTTER, & FINE, JJ.

*Burglary.  Joint Enterprise.  Practice, Criminal,* Instructions to jury.

Where there was evidence at the trial of a criminal case that two persons had
   broken into a home, but there was no direct evidence as to which of the
   two had struck a young woman therein or had stolen certain property
   therefrom, and where the jurors, in the midst of deliberations, asked the
   judge whether, if two persons break and enter and one leaves with stolen
   property, the other is guilty of larceny, the judge did not abuse his
   discretion in responding to the jurors' question with a general explanation
   of the principles of joint enterprise. [185-186]
In a criminal case in which the judge had informed the defendant before final
   argument that joint enterprise would not be an issue presented to the
   jury, and then, in response to a question posed by the jury during
   deliberations, instructed the jury on joint enterprise, the defendant was
   not prejudiced by the belated instruction, inasmuch as the instruction in
   no way undermined the defendant's defense of mistaken identification.
   [186-187]
Where at the trial of an indictment charging breaking and entering a dwelling
   in the nighttime with the intent to commit a felony and assaulting a
   person lawfully therein there was evidence that two intruders had broken
   into a house at night, that property had been stolen, and that, while the
   intruders were inside, a young woman in the house had received a blow
   to her head, and where the defendant did not request an instruction on
   the lesser included offense of breaking and entering in the nighttime
   with intent to commit a felony until the judge, in response to a question
   posed by the jury during deliberations, instructed the jury on joint enter-
   prise, the judge did not err in refusing to give the requested instruction
   on the lesser included offense. [187-189]

INDICTMENT found and returned in the Superior Court De-
partment on February 29, 1984.
   The case was tried before *John L. Murphy, Jr.,* J.

*Hugh Samson* for the defendant.

*Elin H. Graydon,* Assistant District Attorney, for the Commonwealth.

FINE, J. The defendant was found guilty of two offenses: breaking and entering a dwelling in the nighttime with the intent to commit a felony and assaulting a person lawfully therein (burglary with assault); and larceny. The same Superior Court jury found him not guilty of assault and battery.[1] The charges stemmed from an incident which occurred in Lawrence during the early morning hours of July 18, 1983. The evidence was that two individuals, a female, and a male dressed in white, broke into a dwelling occupied by several members of a family, struck a young pregnant woman on the head knocking her unconscious, and stole a purse and other items. Before she was struck, the victim of the attack saw the male intruder standing over her, but she did not state that she saw who struck the blow. One witness identified the intruders as the defendant and his sister, who lived across the street from the house which was invaded. Another witness testified that, soon after she heard screams, she observed the defendant running across the street in the direction of his sister's house, and that he wasn't carrying anything. Shortly afterwards, the pair was arrested. At the time of his arrest, the defendant was wearing white clothing, and the stolen property was in his possession. The thrust of the defense at trial was that the male intruder was not the defendant but was, instead, the female intruder's boyfriend, one Michael Nichols.

Before final arguments, the judge conferred with counsel as to the content of the charge. He informed counsel that he would

---

[1] The larceny conviction was placed on file and, therefore, is not before us. The defendant does not seek reversal of his conviction of burglary on the ground that the jury's verdict on that charge is inconsistent with the not guilty verdict on the assault and battery charge. Such an argument would not prevail since "the rule is well established in criminal cases that mere inconsistency in verdicts, one of which is an acquittal, will not render the verdict of guilty erroneous even though such inconsistency may have indicated the possibility of compromise on the part of the jury." *Commonwealth* v. *Scott,* 355 Mass. 471, 475 (1969). *Commonwealth* v. *Sherry,* 386 Mass. 682, 698 (1982).

not instruct the jury on the principles of joint enterprise because he felt there was insufficient evidence to justify such an instruction. Defense counsel did not object. His closing argument focused on the identity of the male intruder. It was Nichols, the attorney suggested, not the defendant. In explaining larceny and the other two offenses to the jury, the judge indicated that a guilty finding would have to be based upon the conduct of the defendant.

In the midst of deliberations, the jury posed a question: "Your honor, if two persons break and enter and one leaves with stolen property, is the other guilty of larceny?" The judge informed counsel that in response to the question he intended to instruct the jury on the principles of joint enterprise. The defendant objected on the grounds that the evidence was insufficient to justify such a charge and that, had he known at the time of the jury charge conference that joint enterprise would be an issue, he might have argued differently. He gave several examples of points he would have made to the jury, all relating to the attack on the female victim.[2] Defense counsel also, for the first time, requested that the jury be instructed that on the burglary with assault charge (G. L. c. 266, § 14), they could return a verdict of guilty of the lesser included offense of breaking and entering in the nighttime with intent to commit a felony (G. L. c. 266, § 16). The judge reinstructed the jury, explaining joint enterprise but making no reference to the lesser included offense.

*Reinstruction of the jury.* It was not error for the judge to respond to the jurors' question with a general explanation of the principles of joint enterprise. Two of the victim witnesses testified that they had seen two intruders in the house. There was no direct testimony pinpointing which of the two actually stole the property or struck the woman. Thus, the state of the evidence was such that an instruction on joint enterprise was

---

[2] The arguments defense counsel said he might have made bore on whether the defendant, rather than the other intruder, actually struck the female victim. These arguments did not relate to the defendant's possible culpability on a joint enterprise theory.

appropriate. *Commonwealth* v. *Dyer,* 389 Mass. 677, 683-684 (1983).

It is obvious from the jury's verdict that they believed that the male intruder was the defendant, not Nichols. With respect to the larceny charge, the confusion which produced the question from the jurors was understandable. They were satisfied, apparently, that a theft had occurred, but they had no proof that it was the defendant rather than the female intruder who had actually removed the purse and other items. The judge's original instructions were misleading, creating the impression that only the defendant's personal acts could give rise to guilt. The alertness of the jury in this situation was impressive, and, unless for some particular reason it would be unfair to do so, the judge was obligated to respond with an accurate statement of the law. "When a jury makes explicit its difficulties, a trial judge should clear them away with concrete accuracy." *Bollenbach* v. *United States,* 326 U.S. 607, 612-613 (1946). This is so even when the reinstruction includes matters not included in the original charge. *United States* v. *Castenada,* 555 F.2d 605, 612 (7th Cir.), cert. denied, 434 U.S. 847 (1977). *United States* v. *Viserto,* 596 F.2d 531, 539 (2d Cir.), cert. denied, 444 U.S. 841 (1979). See *United States* v. *Bolden,* 514 F.2d 1301, 1308-1309 (D.C. Cir. 1975). True, the trial judge could have responded in a more limited way, restricting his response to the larceny charge, the subject of the question. However, "[a]s a general proposition, the necessity, extent, and character of . . . any supplemental instructions are matters within the discretion of the judge." *United States* v. *Castenada,* 555 F.2d at 611. See *Commonwealth* v. *King,* 366 Mass. 6, 10 (1974), cert. denied sub nom. *McAlister* v. *Massachusetts,* 419 U.S. 1115 (1975). The decision to give the broader instruction was not an abuse of discretion.

Relying on Mass.R.Crim.P. 24(b), 378 Mass. 895-896 (1979), the defendant maintains that the belated decision to instruct the jury on joint enterprise, even if justified by the evidence, prejudiced him unfairly. That rule requires that a trial judge inform counsel as to his proposed instructions before final argument. The purpose of the rule is to enable counsel to

argue intelligently to the jury. See *United States* v. *Wander,* 601 F.2d 1251, 1262-1263 (3d Cir. 1979), commenting on similar language in Fed.R.Crim.P. 30.

The question to be decided is whether, having been informed before final argument that joint enterprise would not be an issue presented to the jury, the defense was undermined by the supplemental instruction because "the critical role of good argument was vitiated." *United States* v. *Viserto,* 596 F.2d at 539. See also *Whitlock* v. *United States,* 429 F.2d 942, 946 (10th Cir. 1970), and cases cited. We examine, therefore, the course the defendant had pursued at trial up to the point of final argument. The thrust of the defense was to show that the defendant was mistakenly identified as the male intruder and that he was confused with another individual, somewhat similar in age and appearance, closely identified with the defendant's sister, and frequently seen in the neighborhood. The joint enterprise instruction in no way undermined that theory. Compare *United States* v. *Martin,* 525 F.2d 703, 707 (2d Cir.), cert. denied, 423 U.S. 1035 (1975), with *Loveless* v. *United States,* 260 F.2d 487 (D.C. Cir. 1958), and *United States* v. *Wander,* 601 F.2d at 1260-1263.

*Lesser included offense.* If the evidence in a case would permit a finding of a lesser included offense, a judge must, upon request, instruct the jury on the possibility of the conviction of the lesser included crime, and failure to do so constitutes reversible error. *Commonwealth* v. *Campbell,* 352 Mass. 387, 392 (1967). *Commonwealth* v. *Hobbs,* 385 Mass. 863, 871 (1982). *Commonwealth* v. *Martinez,* 393 Mass. 612, 614 (1985). *Beck* v. *Alabama,* 447 U.S. 625, 635-637 (1980).

We think there was no rational basis in the evidence for acquitting the defendant of burglary and convicting him of the lesser included offense of breaking and entering in the nighttime with the intent to commit a felony. See *Commonwealth* v. *Hobbs,* 385 Mass. 863, 871 (1982). The defendant made no request for a charge on the lesser included offense when the jury were first instructed. The reason might well have been tactical. The failure to request it at the appropriate time would constitute a waiver of any right the defendant might have had to

such a charge unless his position changed in a material way once the jury were instructed on the joint enterprise theory. We do not think the judge was required to charge the jury on the lesser included offense on the basis of the joint enterprise instruction.

The only element not common to both offenses is the commission of an assault on a person lawfully within the dwelling. That the female victim was struck on the head by one of the intruders was not controverted. That attack was the only event testified to at trial which could be the basis for a finding of assault. On a joint enterprise theory, the jury could find the defendant guilty of the higher charge either on the basis of an assault committed by him personally or one committed by the female intruder. Since the defendant was facing the victim at the time of the attack and she did not see him strike her, there is at least a plausible basis for a finding that the female intruder, not the defendant, actually struck the blow. The defendant's argument is this: the jury might have believed that it was the female intruder who actually struck the blow; the defendant, on the other hand, might not have intended that anyone be assaulted. Therefore, he argues, he could not be found guilty of burglary with assault on a joint enterprise theory. Because he did not share the mental state required to make him responsible for the greater crime, he argues, he could only be convicted of the lesser included offense. See *Commonwealth* v. *Hogan,* 379 Mass. 190, 192-193 (1979); *Commonwealth* v. *Dreyer,* 18 Mass. App. Ct. 562, 566 (1984).

An inference that a defendant had the intent required for the commission of an assault may be drawn from the circumstances attending the act. See *Commonwealth* v. *Hawkins,* 157 Mass. 551, 553 (1893); *Commonwealth* v. *Ronchetti,* 333 Mass. 78, 81-82 (1955). In this case an inference of the necessary intent could reasonably be drawn from the evidence that the two intruders broke into the residence, not their own, in the dark hours of early morning, that property was stolen, and that, while the intruders were inside, the victim received a blow to her head which required medical attention. There was no direct evidence relating to the state of mind of either of the two

intruders and no rational basis, therefore, for assuming that both of them were not equally willing to commit the acts testified to and that they did not share the same mental state. The case was tried by defense counsel exclusively on the theory that it was Nichols and not the defendant who broke into the dwelling. "There is no requirement that a judge charge on factual situations which are speculative and which are unsupported by evidence." *Commonwealth* v. *Santo,* 375 Mass. 299, 307 (1978). *Commonwealth* v. *Hobbs,* 385 Mass. 863, 871-872 (1982). *Commonwealth* v. *Layton,* 6 Mass. App. Ct. 359, 363-364 (1978).

*Judgment affirmed.*