COMMONWEALTH v. GARY GILMORE. August 7, 1986. *Rape. Assault and Battery. Indecent Assault and Battery. Practice, Criminal,* Instructions to jury, Argument by counsel. *Evidence,* Failure to produce evidence.

In his appeal from his conviction of rape (G. L. c. 265, § 22[b]), the defendant urges that the judge erred: (1) in not giving a requested instruction on the lesser included offense of assault and battery; and (2) in instructing the jury that only evidence introduced at trial may be considered. We affirm.

1. *Evidence did not warrant an instruction on the lesser included offense of assault and battery.* The victim testified to a forcible vaginal rape in the defendant's car.[1] The defendant claimed that the encounter was consensual. He testified that the victim and he had engaged in mutual "petting" and kissing, that the victim had left the car (to remove a tampon) and then had returned. Kissing resumed, one thing led to another, and the victim's pants were taken off. She became frightened and said no to having sex. Despite the defendant's continued attempts to persuade her, the victim bit the defendant on the arm "[a]bout thirty seconds before she told [him] no the second time."

At this point, the trial judge called a bench conference and said to defense counsel: "It may not be my place to interject at this point . . . . I don't

---

[1] Other evidence supported her account. Slides taken of vaginal smears tested positive for seminal fluid and sperm. Bruises in the shape of finger marks were noted on the victim's inner left thigh.

know what the ultimate line of questioning is going to entail, but from where I'm sitting — of course, I'm not the jury — it sounds like he's forcing her to do something that . . . she doesn't want to do . . . . I just simply bring that to your attention for whatever it's worth."

Upon resuming his testimony, the defendant insisted he had not used physical force in trying to persuade the victim to have sex and stated that between the time of her two refusals, while he was kissing her, she responded by kissing him back "[s]omewhat." On cross-examination, the defendant acknowledged that, in the course of petting, he had touched the victim's breasts, although he denied having touched her vagina.

Prior to final argument, the defendant sought an instruction on assault and battery. Although assault and battery is a lesser included offense of rape, *Commonwealth* v. *Richmond,* 379 Mass. 557, 562 (1980); see *Commonwealth* v. *Egerton,* 396 Mass. 499, 503 n.3 (1986), on the evidence the defendant was not entitled to such an instruction.

If the defendant's testimony is viewed as he intended, not only had there been no penetration, but any touching that had occurred was consensual. Consent, if established, would have led to an acquittal, as the defendant would have been guilty of no crime at all. That the jury were free to believe some of the defendant's testimony, and not all, was not a sufficient basis for the instruction. "The judge's duty to charge on lesser included offenses . . . is not coincident with the jury's unique prerogative as the ultimate fact finder." *Commonwealth* v. *Egerton, supra* at 505.

Even if the defendant's evidence could have been taken to indicate some unwanted touching as the judge suggested at the bench, the defendant was still not entitled to the requested instruction. If any assault and battery took place, it was not a simple assault and battery but was at least an indecent assault and battery. See *Commonwealth* v. *Thayer,* 20 Mass. App. Ct. 234, 238 (1985) ("touching of portions of the anatomy commonly thought private" distinguishes indecent assault and battery from simple assault and battery). In these circumstances, there was no occasion for an instruction on simple assault and battery. See *Commonwealth* v. *Hobbs,* 385 Mass. 863, 872 (1982); *Commonwealth* v. *McKay,* 363 Mass. 220, 228 (1973); *Alexander* v. *McCotter,* 775 F.2d 595, 599-600 (5th Cir. 1985, applying Texas law) (defendant seeking instruction on simple assault and failing to request instruction on aggravated assault waived the latter issue). Cf. *Commonwealth* v. *Hooks,* 375 Mass. 284, 290 (1978), and *Commonwealth* v. *Thomas,* 21 Mass. App. Ct. 183, 187-188 (1985). In view of the strong medical evidence indicating penetration, the failure to seek an instruction on indecent assault and battery does not here create a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Appleby,* 389 Mass. 359, 379, cert. denied, 464 U.S. 941 (1983).

2. *Instructions of the judge during counsel's closing argument.* The victim testified that during a struggle with the defendant she had attempted to scratch him. The arresting officer testified that he had asked the defendant

to explain his scratch marks. On cross-examination of that officer, defense counsel elicited testimony that a photograph of the defendant had been taken during the booking process. The photograph was not in court. Counsel did not request it or seek a continuance to examine it. The record even suggests he would have opposed its introduction on redirect examination. In any event, there was no error.

In his closing, defense counsel argued, "Now they took a photograph of Mr. Gilmore when he was arrested, but that wasn't introduced to you, so you don't know whether there are any scratches in that." The prosecutor objected, and the judge instructed the jury that they could only consider the evidence introduced in the case and the reasonable inferences therefrom.

Whether a negative inference may fairly be drawn from the failure of a party to produce a picture, a witness, or other evidence depends on the circumstances. See generally 2 Wigmore, Evidence § 285 (3d ed. 1940 & 1986 Supp.); Liacos, Massachusetts Evidence 283-284 (5th ed. 1981 & 1985 Supp.). The cases, at least where inferences are to be drawn from the failure to call witnesses, suggest that "caution should be exercised in permitting the adverse inference." *Grady* v. *Collins Transp. Co.,* 341 Mass. 502, 510 (1960). See also *Commonwealth* v. *Franklin,* 366 Mass. 284, 294 (1974); *Commonwealth* v. *Bryer,* 398 Mass. 9, 11-12 (1986).

Here, the judge could reasonably have taken the view that the defendant had failed to lay a proper foundation for an adverse inference. It had not been established either that the photograph was presently available to the Commonwealth for introduction or, if it was, that it was not equally available to the defendant through discovery, once he had learned of its existence. We also hesitate to permit an adverse inference to be drawn from the failure of the Commonwealth to introduce a mugshot in the absence of an issue of identification. See *Commonwealth* v. *Smith,* 21 Mass. App. Ct. 619, 621-623 (1986).

The judge on a second occasion also instructed the jury that the only evidence they could consider was evidence produced at trial. This admonition came after the following statements of defense counsel concerning the failure of the police to search for the defendant's clothes: "Now the Commonwealth also did not offer, or there is no proof of any search for Mr. Gilmore's clothes, or any articles that Mr. Gilmore owned, that would place him doing what the Commonwealth says. You'd think that they would look for a pair of pants, underpants, something like this, that would have the tell-tale sign that would absolutely lock him into doing what the Commonwealth said he did."

The judge's instruction was proper. Here again defense counsel failed to lay a proper foundation for the negative inference. The fact that the prosecution failed to offer evidence that a search for the defendant's pants was made is not a basis for inferring that such a search did not take place, that the police deliberately failed to make reliable tests, or that the investigation was sloppy. Compare *Commonwealth* v. *Bowden,* 379 Mass. 472,

485-486 (1980). See generally *Commonwealth* v. *Flanagan,* 20 Mass. App. Ct. 472, 475-476 (1985). The judge acted within his discretion in immediately instructing the jury to disregard this improper argument. *Commonwealth* v. *Montecalvo,* 367 Mass. 46, 56-57 (1975).

*Judgment affirmed.*

*Jane Larmon White,* Committee for Public Counsel Services, for the defendant.

*Robert J. Bender,* Assistant District Attorney, for the Commonwealth.