NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1944                                    Appeals Court

COMMONWEALTH vs. GAETJENS ALPHONSE.

No. 13-P-1944.

Plymouth.      December 2, 2014. - May 5, 2015.

Present: Cypher, Wolohojian, & Blake, JJ.

Practice, Criminal, Argument by prosecutor, Instructions to jury, Sequestration of witnesses, Presence of defendant.

Complaint received and sworn to in the Brockton Division of the District Court Department on May 29, 2012.

The case was tried before James J. McGovern, J.

Barry A. Bachrach for the defendant.
Audrey Anderson, Assistant District Attorney, for the Commonwealth.

CYPHER, J. A jury convicted the defendant, Gaetjens Alphonse, of assault and battery.[1] The defendant asks us to reverse the conviction, arguing that he was prejudiced by the prosecutor's improper closing argument, to which he objected. The defendant argues that the prosecutor's remarks that the

_____

[1] The judge granted the defendant's motion for a required finding of not guilty on the charge of intimidating a witness.

defendant had the opportunity to lie and tailor his testimony because he was not sequestered as were the other witnesses constituted reversible error, and that the judge's curative instruction enhanced rather than cured the error.[2]  We agree.

1.  Factual background.  The jury heard the following testimony.  The wife of the defendant, Sandy Alphonse[3], testified that she arrived home with their two children -- four and six years old -- and their nephew at approximately 3:00 A.M. on May 27, 2012.  Upon arrival, Sandy and the defendant began to argue.

The six year old and the nephew went to their rooms, while Sandy carried the four year old inside the house.  The nephew had Sandy's cellular telephone (cell phone).  While Sandy was carrying the four year old, the defendant began yelling and swearing at her and poked at her forehead.  Sandy said to the defendant, "[O]h yeah, you want to hit me?"  The defendant responded that he wanted to hit her and that she deserved it, but instead of hitting her, he said he was leaving.

---

[2] The defendant also argues that the prosecutor's closing argument created reversible error because the prosecutor improperly vouched for a witness by referring to facts not in evidence.  We need not reach this issue in light of our conclusion that there was reversible error.  We caution the prosecutor to be careful of this issue in the event there is a new trial.  See Commonwealth v. Villalobos, 7 Mass. App. Ct. 905, 905-906 (1979).

[3] We refer to her using her first name to avoid confusion.

Sandy walked away from the defendant and went to her room. The defendant followed her. Sandy testified that the defendant then punched her in the face while she was holding their four year old child. Sandy put the child down, who was yelling for the defendant to stop, grabbed a broom, and hit the defendant in the back with the broom. The defendant went into the nephew's room and locked the door. Sandy started yelling and said that if the defendant didn't give her the cell phone, she was going to start screaming loud enough for the neighbors to hear. The defendant opened the door, but when the nephew tried to give Sandy the cell phone, the defendant took it. The defendant then dressed and left the house.

The defendant testified that when Sandy returned home with their two children and their nephew, he began yelling at her and they argued. Sandy told the defendant to leave the house and he began to pack. When the defendant opened the front door to leave, Sandy hit him with a broom. The defendant then went back into the house to get his sneakers that he had forgotten in his room. Upon leaving his room, the defendant took Sandy's cell phone from the nephew and Sandy slapped the defendant in the face. The defendant left the house.

2. <u>Closing argument</u>. The defendant objected to the prosecutor's statement in closing argument that the defendant

was present at trial and not sequestered.  During closing

argument, the prosecutor said:

> "Who does have motivation to lie in this case?  The Defendant does.  He's -- he's the only person that has something to lose from this case.  He's got every reason to lie to you.  He's got the opportunity to lie to you.  Where was everyone else while testimony was going on?  All the other witnesses [sic] outside the courtroom.  Where's the Defendant when all the other evidence, all the other witnesses were coming in?  Sitting right here.  It's the opportunity to tailor his version of events to what you already know."

At that point, the judge told the prosecutor, "[B]e careful down

that road, okay?  Be careful."  At the conclusion of the

prosecutor's closing, defense counsel objected to that portion

of the closing, and now argues that the standard of review

should be whether there was prejudicial error.  The Commonwealth

points out, however, that since the defendant was satisfied with

the curative instruction, the standard of review should be

whether any error created a substantial risk of a miscarriage of

justice.  We need not decide which is the proper standard

because we conclude that under either standard the defendant is

entitled to a new trial.

The defendant has a State and a Federal constitutional

right "to hear the Commonwealth's evidence and to confront the

witnesses against him."  Commonwealth v. Person, 400 Mass. 136,

139-140 (1987).  See Commonwealth v. Amirault, 424 Mass. 618

(1997).  As determined in Commonwealth v. Person, supra, the

prosecutor's statement that the defendant was present at trial and therefore had the opportunity to tailor his testimony is error.[4]

Whether the error in this case requires a new trial depends on "the context of the entire argument, the facts of the case, and the rationale underlying the Person principle." Commonwealth v. Sherick, 401 Mass. 302, 303 (1987). Here, there was no evidence to support the prosecutor's statement. Also, the error went to the heart of the case -- the credibility of the witnesses, in particular, the defendant, who testified. Whether the jury convicted the defendant depended entirely on whether the jury believed the testimony of Sandy or the defendant.[5] Although in his curative instruction the judge

---

[4] It does not appear that the Supreme Judicial Court has determined that such a statement, although error, is constitutional in nature. See Commonwealth v. Person, supra at 142, n.7. The United States Supreme Court has held that a statement in closing argument about the defendant not having been sequestered did not offend a defendant's Federal constitutional right to confront witnesses or testify on his own behalf. Portuondo v. Agard, 529 U.S. 61 (2000). Several States have held that a comment about the defendant's presence and lack of sequestration violates the State constitution. See, e.g., State v. Walsh, 127 Haw. 271, 284-289 (2011); State v. Jones, 580 A.2d 161, 162-163 (Me. 1990); State v. Hemingway, 148 Vt. 90, 92-93 (1987).

[5] Photographs of Sandy taken the day after the incident were admitted in evidence at trial, but were not included in the record before this court. The appellant has the burden to produce the record on appeal. Mass.R.A.P. 18, as amended, 428 Mass. 1601 (1998). Here, the defendant did not provide to this court the photographic evidence to support his argument that the

correctly advised the jury regarding the meaning of sequestration of the witnesses, he did not advise the jury that the defendant had a constitutional right to be present at trial and that his presence should not be used against him.[6]  The judge should have given such an instruction.  The curative instruction therefore compounded the original error by drawing further attention to the possibility that the defendant had the opportunity to tailor his testimony.  See Commonwealth v. Person, supra at 139-140.  In these circumstances, whether viewed under a prejudicial error standard or a substantial risk standard, a new trial is required.

Judgment reversed.

Verdict set aside.

---

error was prejudicial.  Nor did the Commonwealth provide the photographs in support of its argument that the error was harmless.  As a result, we have not had the opportunity to consider the photographs in this equation.

[6] The judge instructed the jury as follows:

"Alright, Ladies and Gentlemen of the Jury, let me instruct you as to the law.  First of all, the Commonwealth talked about the fact that the Defendant, Mr. Alphonse, was present when witnesses were sequestered.  They were out, came back in.  Well there's a reason for that.  I ordered the sequestration of the witnesses because you want the testimony of the witnesses to be untarnished or untouched by testimony of witnesses prior.  So that's -- that's how it works for sequestering witnesses."

The instruction is correct as far as it goes -- as an instruction explaining sequestration.